# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR274 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| ROSIO CRUZ, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 69.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Court has also considered the Defendant's motion for downward departure (Filing No. 71). The Defendant argues that she should be considered a minimal, rather than a minor, participant. Although the Court recognizes its authority to depart downward, it declines to exercise that authority. The motion is denied for the reasons provided by the probation officer in the Addendum to the PSR.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the PSR is correct in all respects;

2. The Defendant's motion for downward departure (Filing No. 71) is denied;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    4.    Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

    5.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge